UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

COLUMBUS MALONE,            )
                            )
            Petitioner      )
                            )
    vs.                     )   CAUSE NO. 2:10-CV-457 RM
                            )   (Arising out of 2:02-CR-44(2) RM)
UNITED STATES OF AMERICA,   )
                            )
            Respondent      )

OPINION and ORDER

Columbus Malone was convicted of conspiring to distribute crack cocaine in violation of 21 U.S.C. § 846 and distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1), following a six-day jury trial in 2003, and is serving a 235-month sentence for those offenses. The court of appeals upheld Mr. Malone's conviction in 2005, remanded twice for resentencing, and ultimately affirmed the 235-month sentence in 2009. United States v. Malone, No. 09-1694, slip op. At (7th Cir. Nov. 9, 2009). The court assumes the reader's familiarity with the facts set forth in the appellate opinion. Mr. Malone is now before the court requesting that his sentence be vacated under 28 U.S.C. § 2255.[1] He contends that his attorney, Adam Tavitas, provided ineffective assistance at sentencing and on appeal, and that he received an unreasonable and

---

[1] This is Mr. Malone's second petition under § 2255. His first petition [Doc. No. 437] was granted in October 2008 [Doc. Nos. 530 and 531], effectively "reset[ting] to zero the counter of collateral attacks." Shepeck v. United States, 150 F.3d 800, 801 (7th Cir. 1998); see also Walker v. Roth, 133 F.3d 454 (7th Cir. 1997). Accordingly, Mr. Malone didn't need to seek advance appellate approval to commence what is, in effect, his first substantive collateral challenge to his new sentence. Id.

excessive sentence as a result. For the following reasons, the court denies Mr. Malone's motion to vacate.[2]

A person convicted of a federal crime can attack his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, the court had no jurisdiction to impose such sentence, the sentence exceeded the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A petition under § 2255 can't substitute for an appeal or advance constitutional claims that could have been made earlier, without showing good cause for and actual prejudice resulting from the petitioner's failure to raise the claims on direct appeal. Reed v. Farley, 512 U.S. 339, 354 (1994); United States v. Frady, 456 U.S. 152, 165 (1982); Fountain v. United States, 211 F.3d 429, 433 (7th Cir. 2000).

Ineffective assistance of counsel constitutes good cause for failure to raise an issue, *see* Kelly v. United States, 29 F.3d 1107, 1112 (7th Cir. 1994), and may be raised for the first time in a § 2255 proceeding. Massaro v. United States, 538 U.S. 500, 509 (2003); Richardson v. United States, 379 F.3d 485, 487 (7th Cir. 2004). But counsel is ineffective in a constitutional sense only when the representation was so deficient that it "fell below an objective standard of reasonableness" and was prejudicial. Strickland v. Washington, 466 U.S. 668, 687-688 (1984).

---

[2] A hearing isn't required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255. Mr. Malone has alleged no facts that would entitle him to relief, so no hearing is necessary to determine his § 2255 petition. Menzer v. United States, 200 F.3d 1000, 1006 (7th Cir. 2000).

Mr. Malone contends that counsel was ineffective at sentencing because he didn't object to the drug quantities and other relevant conduct for which he was held accountable, and that he was ineffective at sentencing and on appeal because he didn't object to the unjust ratio and sentencing disparity between crack cocaine and powder cocaine. To prevail, Mr. Malone must show not only that his attorney's representation was objectively unreasonable, but that the result of the proceedings would have been different, but for his attorney's unprofessional representation. Strickland v. Washington, 466 U.S. at 687-688; Ebbole v. United States, 8 F.3d 530, 533 (7th Cir. 1993). Mr. Malone hasn't met either requirement. Mr. Malone's counsel was well-advised to focus on other issues at sentencing and on appeal, because the arguments raised by Mr. Malone have no merit.

The mandatory minimum term for Mr. Malone's crime under 21 U.S.C. § 846 (Count 1) was ten years, with a maximum of life, 18 U.S.C. § 924(a)(2). The statutory maximum for each of his violations of 21 U.S.C. § 841(a)(1) (Counts 12 and 13) was 240 months. Mr. Malone's aggregate 235-month sentence fell below those maximums, was within (and at the bottom of) the applicable advisory guideline range, and would have been presumed to be reasonable on appeal, United States v. Castro-Juarez, 425 F.3d 430, 433 (7th Cir. 2005), had Mr. Malone raised a substantive reasonableness argument on direct appeal. Mr. Malone has identified nothing that would have rebutted that presumption.

Mr. Malone's counsel initially objected to the drug amount identified in the draft presentence report, but withdrew the objection before the final revised report was

issued. The presentence report set Mr. Malone's base offense level at 36 based upon his involvement in a five-year conspiracy that distributed more than 1.5 kilograms of crack cocaine. *See* Presentence Report (revised Feb 24, 2009) at ¶¶ 6, 10, 18-43, and 49. Mr. Malone was given an opportunity to challenge the factual assertions contained in the report prior to and at the sentencing hearing, in accordance with Fed. R. Crim. P. 32. He said at the beginning of the sentencing hearing that he had read the presentence report and gone over it with his attorney, and voiced no objection when his attorney told the court that the defense had no objections to the report. When Mr. Malone was given an opportunity to speak on his own behalf, he didn't object to the court's findings with respect to the quantity of drugs for which he was responsible, or argue for a downward departure based on a disparity between powder and crack cocaine. He simply asked the court for "a second chance at life and to get out there and raise [his] kids."

    A district court may rely on information contained in a presentence report as long as the report is well-supported and appears reliable. United States v. Heckel, 570 F.3d 791, 795 (7th Cir. 2009); United States v. Corbitt, 879 F.2d 224, 230 (7th Cir. 1989). A defendant may produce evidence that questions the reliability or correctness of the facts in the report, but he must do so beyond a "bare denial" of the information. Only when the defendant creates "real doubt" does the burden then shift to the government to demonstrate the accuracy of the information. United States v. Black, 636 F.3d 893, 897 (7th Cir. 2011). Mr. Malone hasn't challenged the accuracy of any of the relevant conduct cited in the report or identified anything his attorney could

4

have said to create "real doubt" about the quantity of crack cocaine he and other co-conspirators distributed over the years.

The 2008 Guidelines, which the sentencing court applied, included the amendments to the crack cocaine guidelines, which addressed the 100 to 1 sentencing disparity for crack cocaine and powder cocaine, and retroactively reduced the sentences for most crack offenses by two levels. United States v. Padilla, 520 F.3d 766, 773-774 n.2 (7th Cir. 2008). Mr. Malone's base offense level for conspiring to distribute in excess of 1.5 kilograms of crack cocaine was reduced from 38 to 36. U.S.S.G. § 2D1.1(c)(2).[3]

The suggestion that the court would have considered an additional downward variance had counsel raised a disparate impact argument is factually and legally unsupported. As is its practice, the court used the guideline range as the starting point and the initial benchmark, but didn't presume that the recommended range was reasonable. *See* Gall v. United States, 552 U.S. 38, 50 (2007). The court considered the statutory factors set out in 18 U.S.C. § 3553(a), and concluded that an aggregate sentence of 235 months was sufficient but not greater than necessary to satisfy the purposes of § 3553(a). In reaching that decision, the court noted that:

> Frankly, there's enough disagreement over crack sentences that I'm not sure whether following the Guidelines increases respect for the law or decreased respect for the law. But given the sheer quantity of crack cocaine that was involved in this case, it's not possible for me to say,

---

[3] Mr. Malone's offense level was increased by two levels because a dangerous weapon was possessed during the commission of a drug offense, U.S.S.G. § 2D1.1(b)(1), producing a final adjusted offense level of 38, but Mr. Malone doesn't challenge the firearm enhancement in his petition.

5

> "Well, if it had been the same amount of powder cocaine, this is what the Guidelines would have recommended."

[Doc. No. 572 at p. 16-17].

The penalty differential between crack and powder cocaine found in 21 U.S.C. § 841 and U.S.S.G. § 2D1.1 before its amendment had been upheld against numerous constitutional challenges. *See* <u>United States v. Westbrook</u>, 125 F.3d 996, 1010 and n. 16 (7th Cir. 1997). Given the significant amount of crack cocaine involved in this case and the two-level reduction already afforded Mr. Malone under § 2D1.1, as amended, Mr. Malone wouldn't have prevailed even had his counsel raised a disparity argument at sentencing and on appeal. Under the circumstances, the court can't find that it was objectively unreasonable or prejudicial for counsel to forego an argument that would have been futile, and to pursue an alternate strategy, *i.e.*, that Mr. Malone was a changed man and no longer a threat to the public. *See* <u>Unites States v. Jones</u>, 2010 WL 2679964 at *6 (E.D. Wis. July 2, 2010) (defendant not prejudiced by attorney's failure to raise disparity in powder and crack cocaine sentences because the guidelines crack/cocaine ratio had been upheld numerous times and argument was futile); <u>Lucas v. O'Dea</u>, 179 F.3d 412, 420 (6th Cir. 1999) ("'Only in a rare case' will a court find ineffective assistance of counsel based upon a trial attorney's failure to make an objection that would have been overruled under the then-prevailing law.")

It appears plainly from the face of Mr. Malone's motion and prior proceedings that he isn't entitled to § 2255 relief, so the court DENIES the motion to vacate, set aside, or correct sentence [Doc. No. 596].

6

SO ORDERED.

ENTERED:   May 25, 2011

                                              /s/ Robert L. Miller, Jr.
                                              Judge
                                              United States District Court